United States District Court
for the Eastern District of Texas
Beaumont Division

| | | |
|---|---|---|
| Arlicia Craven Gosby<br>    Plaintiff<br><br>v.<br><br>Apache Industrial Services, Inc.<br>    Defendant | § § § § § § § | Case No. 1:20-cv-00069 |

**Defendant's Traditional Motion for Summary Judgment Pursuant to Rule 56**

Defendant Apache Industrial Services, Inc. ("Apache") files this motion asking the Court to dismiss Plaintiff Arlicia Craven Gosby's discriminatory-termination lawsuit under Rule 56 of the Federal Rules of Civil Procedure.

## I. Introduction

Apache employed Gosby to be a scaffold helper at an industrial plant. Shortly after starting, and due to a decreased need in manpower, Apache initiated a reduction in force. Along with 11 other employees, Gosby was terminated. Afterwards, Gosby filed this lawsuit claiming she was terminated because she had diabetes. To the contrary, and as the evidence shows herein, Gosby's diabetes had no role in her termination.

## II. Nature and Stage of Proceeding

Gosby filed her Complaint on February 24, 2019, contending that Apache terminated her in violation of the ADA because of her disability or in the alternative because it regarded her as having a disability.[1] Apache denied Gosby's allegations and

---

[1] Complaint. [Doc. 1] at 7-8 (¶ 46-49).

asserted affirmative defenses.[2] Apache now moves for summary judgment on all claims pursuant to Rule 56 of the Federal Rules of Civil Procedure.

### III. Evidence in Support

    i.    Exhibit A – Deposition of Plaintiff Arlicia Craven Gosby

    ii.    Exhibit B— Affidavit of Charles Hutchins[3]

    iii.    Exhibit C— Affidavit of Anthony G. Stergio

### IV. Factual Background

In early 2018, Gosby applied to work for Apache as a scaffold helper at an ExxonMobil industrial plant.[4] Before she could be hired though, Gosby had to undergo a routine pre-employment medical examination.[5] During the exam Gosby disclosed that she was diabetic, and after the exam her test results showed elevated blood-sugar levels.[6] Nevertheless, on March 23, 2018, Apache hired Gosby.[7] When Gosby was hired, no one at Apache commented on her diabetes.[8] Notably, however, the healthcare provider that conducted the pre-employment medical exam recommended that Gosby only work on ground level.[9] Apache heeded the recommendation and did not allow Gosby to work at heights.[10]

---

[2]   First Amended Answer [Doc. 9].

[3]   **Ex. B**, Affidavit of Charles Hutchins, Dec. 14, 2020, attached hereto and incorporated herein.

[4]   **Ex. A**, Dep. of Pl. Gosby, 8:24–9:02, Oct. 30, 2020, attached hereto and referred to herein.

[5]   *Id*. 10:01-02.

[6]   *Id*. 10:02-04; 10:16-18; **Ex. B-14 - Ex. B-18.**

[7]   *Id*. 13:07-10; **Ex. B-1**.

[8]   **Ex. A** 11:10-13.

[9]   **Ex. B-16**.

[10]   **Ex. A** 11:14-16.

At first, Gosby was given plenty of work that was comprised of stacking and racking scaffolding materials, assisting with erecting and dismantling scaffolding, and cleaning work areas.[11] In short, Gosby was treated like the rest of the scaffold helpers. So much so that Gosby never felt singled out.[12] Unfortunately, however, the demand for work for scaffold workers at job sites ebbs and flows.[13] This can be the result of numerous factors, including the owner of a plant reducing the workload.[14] The work site Gosby was working at was no exception.[15]

By the beginning of April 2018, the work available to Apache decreased.[16] As a result, Gosby started hearing rumors that there would be a reduction in Apache's workforce.[17] By April 30th, Apache's work had decreased to the point where Gosby and her co-workers were sent home early after working only half of the day.[18] Two days later, Gosby and 11 other employees were terminated as a part of a routine reduction in force.[19]

For Gosby, being laid off should not have been a surprise. Gosby previously worked at two other industrial plants and had an acute understanding that job security was an uncertainty. Gosby was so aware of this fact that when she applied to work for Apache, she expected to be laid off.[20]

Still, despite her knowledge of the industry and expectations for being let go, Gosby filed this lawsuit claiming she was discriminatorily terminated because she had

---

[11] *Id*. 21:06-09.
[12] *Id*. 22:17-18.
[13] *Id*. 22:12-16.
[14] **Ex. B ¶ 4.**
[15] *Id.*
[16] *Id.*
[17] **Ex. A** 23:01-04.
[18] *Id*. 35:09-19.
[19] *Id* 40: 14-17; **Ex. B-2 – Ex. B-13; Ex. B-19.**
[20] **Ex. A** 55:16-23.

diabetes. More particularly, Gosby claims that as a result of a diabetic episode she had on April 26, 2018, Apache terminated her. Gosby's allegations are made, however, in the absence of any credible evidence of discrimination. Without such evidence, Apache files this motion for summary judgment.

## V.    Standard of Review for Discriminatory Termination Cases

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.[21] A genuine dispute of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party.[22] A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion, and identifying evidence which it believes demonstrates the absence of a genuine issue of material fact.[23] If the moving party succeeds, the burden shifts to the nonmoving party to go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.[24]

## VI.   Argument and Authorities

In discriminatory-termination actions under the ADA, employees can survive summary judgment motions by either presenting direct evidence or circumstantial evidence of discrimination.[25] When an employee relies on circumstantial evidence in

---

[21] Fed. R. Civ. P. 56(a).
[22] *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir.2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[23] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
[24] *Id.* at 324, 106 S.Ct. 2548.
[25] *Nall v. BNSF Railway Co.*, 917 F.3d 335, 340 (5th Cir. 2019); *Moss v. Harris Cty Const. Prec. One*, 851

defeating a motion for summary judgment, the employee proceeds under the burden-shifting analysis first articulated in *McDonnell Douglas Corp. v. Green*.[26] In this case, Apache is seeking summary judgment on Gosby's discriminatory-termination claims. Because Gosby's claims are based on circumstantial evidence, the *McDonnell Douglas* burden-shifting analysis applies.

Under the *McDonnell Douglas* analysis, there are three stages in which courts analyze whether the employee or employer satisfied certain burdens. The first stage begins with the employee having to make a prima facie showing of discrimination. If the employee can satisfy this initial burden a rebuttable presumption of discrimination arises and the analysis moves to the second stage. During the second stage, the employer must overcome the presumption of discrimination by providing evidence that articulates a legitimate, nondiscriminatory reason for terminating the employee. If the employer presents such evidence, the analysis moves to the third and final stage where the employee must raise a genuine issue of material fact as to whether the employer's reason for terminating the employee was mere pretext.

In terms of Rule 56, when an employee makes a prima facie case of discrimination and then shows that the employer's proffered reason for its actions is pretextual the employee has usually done enough to survive summary judgment. But in this case, Gosby cannot make a prima facie case of discrimination, nor can she show Apache's legitimate, non-discriminatory reason for terminating her is pretextual.

A.   **Gosby cannot make a *prima facie* showing of discrimination.**

---

F.3d 413, 417 (5th Cir. 2017); *Caldwell v. KHOU-TV*, 850 F.3d 237, 241 (5th Cir. 2017).
[26]   *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014).

In order to avoid summary judgment, Gosby must first make a *prima facie* showing of discrimination. A prima facie showing of discrimination requires Gosby to prove she: (1) had a covered disability; (2) was qualified for the position from which she was terminated; and (3) was terminated because of her disability.[27] For the limited purposes of this motion, Apache concedes the first two elements of disability and qualification.[28] However, Apache disputes the third element of nexus, and which requires Gosby to show she was terminated "because of" her diabetes.[29]

As of this motion, there is no credible evidence showing Gosby was terminated because of her diabetes. To the contrary, Gosby's own testimony shows she was terminated as the result of a routine reduction in force. Gosby testified that the work was slow;[30] there were rumors of a workforce reduction;[31] and two days before she was terminated workers were sent home a half day early due to a lack of work.[32] Furthermore, Gosby admitted workforce reductions or layoffs were common in her industry.[33] Apparently, Gosby was so aware of this fact that when she applied to work for Apache she expected she would eventually be laid off.[34]

Bolstering Gosby's testimony, is the affidavit of Charles Hutchins. Currently Hutchins is a Senior Project Manager at Apache, but when Gosby was terminated he was

---

[27] *See Nall* 917 F.3d at 341; *Moss*, 851 F.3d at 417; *Shirley v. Precision Castparts Corp.*, 726 F.3d 675, 680 (5th Cir. 2013).

[28] Apache reserves the right to dispute these elements in other motions, proceedings, or pleadings and at the time of trial.

[29] *Nall*, 917 F.3d at 341; *Williams v. J.B. Hunt Transp., Inc.*, 826 F.3d 806, 811 (5th Cir. 2016).

[30] *See* **Ex. A** 22:07-18 (Gosby discussing when work was slow she and co-workers would clean work areas).

[31] *Id.* 23:1-8.

[32] *Id.* 35:09-19.

[33] *Id.* 12:14-25 to 13:01.

[34] *Id.* 55:16-23.

the site manager over Gosby.[35] His affidavit confirms that ExxonMobil was decreasing Apache's workload and consequently reducing the demand for unskilled laborers like Gosby.[36] It also shows that Apache applied the reduction in force in a neutral manner and did not single Gosby out for any reason related to her diabetes.[37]

In the end, Gosby was terminated, along with 11 other employees due to a routine reduction in force, not because she had diabetes. Without any credible evidence to show otherwise, Gosby cannot satisfy her initial burden and her claims should be dismissed as a matter of law.

**B.    Including Gosby in the reduction in force was a legitimate, nondiscriminatory action.**

In the *McDonnell Douglas* analysis, when an employee satisfies its initial burden and makes a prima facie case of discrimination, the burden of production shifts to the employer. Being that this burden is one of production and not persuasion, the employer must simply present evidence that articulates an explanation that, if true, would be lawful behavior.[38] As such, the employer's burden in this instance is relatively light.[39] Furthermore, it is well established by the Fifth Circuit that a reduction in force is a legitimate, non-discriminatory reason for termination.[40]

---

[35]   **Ex. B ¶ 2.**
[36]   *Id.* ¶ 4.
[37]   *Id.* ¶¶ 7-9.
[38]   *Greenway v. Buffalo Hilton Hotel*, 143 F.3d 47, 52 (2d Cir. 1998); *see Burdine*, 450 U.S. at 255 ("The defendant need not persuade the court that it was actually motivated by the proffered reasons. It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff."); *accord Nasti v. CIBA Specialty Chems. Corp.*, 492 F.3d 589 (5th Cir. 2007).
[39]   *Greenway*, 143 F.3d at 52.
[40]   *E.E.O.C. v. Tex. Instruments Inc.*, 100 F.3d 1173, 1181 (5th Cir. 1996); *Claiborne v. Recovery Sch. Dist.*, 690 F. App'x 249, 257 (5th Cir. 2017); *Sullivan v. Worley Catastrophe Servs., L.L.C.*, 591 F. App'x 243, 246-47 (5th Cir. 2014).

In this case, the evidence shows Apache had a legitimate, nondiscriminatory reason for Gosby's termination. Gosby was a scaffold helper at an industrial plant. As a scaffold helper, Gosby's job was to assist other skilled laborers.[41] Consequently, when there are no skilled laborers, or less skilled laborers than normal, scaffold helpers are subject to reductions in force.[42] Shortly after Gosby started working as a scaffold helper, ExxonMobil reduced the workload for Apache.[43] This resulted in less skilled laborers, which in turn resulted in less work for scaffold helpers like Gosby.[44] Accordingly, Apache neutrally applied a reduction in force that resulted in the termination of Gosby and 11 other employees.[45]

In light of the above facts, and the supporting evidence, Apache has articulated a legitimate, non-discriminatory reason for terminating Gosby.

**C.    There is no genuine issue of material fact concerning pretext.**

Assuming, *arguendo*, that Gosby can prove a *prima facie* case of discrimination, Apache has articulated a legitimate, nondiscriminatory reason for terminating Gosby. As a result, under the *McDonnell Douglas* analysis, the burden shifts back to Gosby one final time. To avoid summary judgment Gosby must provide some evidence to rebut Apache's legitimate, non-discriminatory reason for terminating her.[46]

---

[41]   **Ex. B ¶ 3.**
[42]   **Ex. B ¶¶ 3-5.**
[43]   *Id.* ¶¶ 4-5.
[44]   *Id.*
[45]   *Id.* ¶¶ 6-8.
[46]   *Rutherford v. Harris Cty.*, 197 F.3d 173, 184 (5th Cir. 1999) (quotation omitted); *see Reeves*, 530 U.S. at 143; *Hicks*, 509 U.S. at 507-08; *McDonnell Douglas Corp.*, 411 U.S. at 804; *Vaughn*, 665 F.3d at 637.

Gosby can establish pretext by either evidence of disparate treatment or by showing that Apache's explanation is false or unworthy of credence.[47] Either way, Gosby bears the burden to produce evidence from which a jury could find that Apache's articulated reason is pretextual.[48] To satisfy this burden, Gosby must produce "substantial evidence" that the employer's proffered reasons for its actions were a pretext for discrimination.[49]

In this case, there is no evidence, let alone substantial evidence, of pretext. And while Gosby may point to the temporal proximity of her diabetic episode and her termination, the Fifth Circuit has established that "[t]emporal proximity alone is insufficient to prove but-for causation."[50] Thus, when an employer provides a legitimate, non-discriminatory reason for terminating an employee, temporal arguments alone are not enough to overcome summary judgment.[51]

Additionally, Gosby may try to rely on alleged comments made by Apache's rank-and-file employees, but as the Fifth Circuit has repeatedly explained, a defendant's employee's stray remarks are insufficient to defeat summary judgment.[52] Instead, the Fifth Circuit requires that the comments or remarks be: (1) related to the protected class of persons of which the plaintiff is a member; (2) proximate in time to the complained-of

---

[47] *Delaval*, 824 F.3d at 480 (quoting *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003)); *see DeVoss*, 903 F.3d at 492; *Vaughn*, 665 F.3d at 637.

[48] *Caldwell*, 850 F.3d 237 at 242 (quoting *Chevron Phillips Chem. Co.*, 570 F.3d at 615); *see Kanida v. Gulf Coast Med. Pers. LP*, 363 F.3d 568, 575 n.5 (5th Cir. 2004) ("the plaintiff always bears the burden of 'persuading the trier of fact that the defendant intentionally discriminated' against [him]." (quoting *Reeves*, 530 U.S. at 143)).

[49] *Delaval*, 824 F.3d at 480 (citing *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 233 (5th Cir. 2015)); *see Head v. City of Columbus Light & Water Dep't*, 746 F. App'x 389, 392 (5th Cir. 2018); *Outley*, 840 F.3d at 216.

[50] *Strong v. Univ. Healthcare Sys., LLC*, 482 F.3d 802, 808 (5th Cir. 2007).

[51] *Id.* (quoting *Roberson*, 373 F.3d at 656.).

[52] *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 380 (5th Cir. 2010); *accord Manaway, v. Med. Ctr. of Se. Tex.*, 430 F. App'x 317, 323 (5th Cir. 2011).

adverse employment decision; (3) made by an individual with authority over the employment decision at issue; and (4) related to the employment decision at issue.[53]

In this case, none of the statements relied upon by Gosby thus far have related to the protected class in which Gosby is a member, instead they all relate to her jamming her finger.[54] Moreover, every statement Gosby relies upon was made by individuals without authority to determine whether Gosby would be terminated.[55] The decision to include Gosby in the reduction in force was made solely by Charles Hutchins.[56] Accordingly, none of the statements relied upon by Gosby can be used to raise a fact issue as to pretext.

On a final note, should Gosby rely on her own beliefs and opinions in arguing pretext, the Fifth Circuit has soundly rejected this type of evidence. In the case of *Septimus v. University of Houston*, the Fifth Circuit held that a plaintiff's subjective belief of discrimination, "however genuinely held, is not sufficient evidence of pretext."[57]

In light of the above, Gosby cannot meet her burden to raise a genuine issue of material fact as to whether Apache's reason for terminating Gosby was pretext for discrimination. Thus, Gosby's discrimination claims should be dismissed.

---

[53] *Id; See Keelan v. Majesco Software, Inc.,* 407 F.3d 332, 345-46 (5th Cir. 2005) (holding remarks made by personnel who were not involved in and did not influence decision to terminate plaintiff and that were not made in connection with the plaintiff's discharge insufficient to create a fact issue).

[54] *See generally* **Ex. A** at 24:06-25:18; 28:23-29:12; 33:11-33:20 (The only comments that were allegedly made by Apache employees and which were discussed in Gosby's deposition related to Gosby "jamming" her finger. Gosby never mentions any comments regarding her diabetes.).

[55] *Cf.* **Ex. A** with **Ex. B** ¶ 9 (Gosby's deposition testimony talks about comments by Jacob Primeaux, Edward Mason, and Ronnie Brown. Hutchins' affidavit explains that those three employees did not have the authority to terminate Gosby, so any comments by them are not sufficient evidence to show pretext.).

[56] *Id.*

[57] 399 F.3d 601, 610 (5th Cir. 2005); *see also Delaval*, 824 F.3d at 480.

## VII.  Conclusion

For all the above reasons, Apache respectfully asks the Court to grant this motion for summary judgment, dismiss Gosby's claims with prejudice, award Apache its costs and attorney's fees, and grant Apache all other relief to which it may be justly entitled.

Respectfully submitted,

 /s/ Anthony G. Stergio
ANTHONY G. STERGIO
Federal Bar No. 429040
State Bar No. 19169450
astergio@andrewsmyers.com
**ANDREWS MYERS, P.C.**
1885 Saint James Place, 15th Floor
Houston, Texas 77056-4110
Telephone:  (713) 850-4200
Facsimile:   (713) 850-4211

**ATTORNEY-IN-CHARGE FOR DEFENDANT APACHE INDUSTRIAL SERVICES, INC.**

**OF COUNSEL:**

WESLEY WALKER
Federal Bar No. 3450968
Texas State Bar No. 24110499
wwalker@andrewsmyers.com
**ANDREWS MYERS, P.C.**
1885 Saint James Place, 15th Floor
Houston, Texas 77056-4110
Telephone:  (713) 850-4200
Facsimile:   (713) 850-4211

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing instrument was served pursuant to Rule 5 of the Federal Rules of Civil Procedure on the 14th day of December 2020, upon the following counsel of record as set forth below:

**VIA E-SERVICE**
James E. Sudduth, III
SUDDUTH & ASSOCIATES, LLC
1109 Pithon St.
Lake Charles, LA 70601
Email: James@saa.legal

**ATTORNEYS FOR PLAINTIFF**

　　　　　　　　　　　　　　　　　*/s/ Anthony G. Stergio*
　　　　　　　　　　　　　　　　　ANTHONY G. STERGIO